**W. Ray ALEXANDER, Andrew Woodham, Randall Stevens, Jim Gray, Edward L. Reed, Jerry Huckaby, Steve Creech, Tommy Gosski, Individually, and collectively as Voluntary Agents for Reform, and Ron J. McDaniel and Robert Mictchell, Plaintiffs,**

v.

**DIRECTOR OF THE DEPARTMENT OF INSURANCE FOR THE STATE OF SOUTH CAROLINA, Defendant.**

No. 3:93–2054–19.

United States District Court,
D. South Carolina,
Beaufort Division.

Sept. 16, 1997.

Robert W. Mitchell, Pelion, SC, pro se.

James T. Longtin, Walterboro, SC, Thomas Charles Salane, Harold Jacobs, Valentine Stieglitz, Columbia, SC, Ron J. McDaniel, Ridgeland, SC, for Plaintiffs.

William L. Pope, Lee Jedziniak, Columbia, SC, for Defendant.

*ORDER*

COOK, District Judge.

This case involves claims by several insurance agents who are authorized by the State of South Carolina to sell private passenger automobile insurance. In their complaint for declaratory relief, all of these aggrieved individuals maintained, *inter alia,* that the State of South Carolina, through its legislative and executive branches of government, had violated their respective and collective civil rights under the Equal Protection Clause of the United States Constitution with the passage of S.C.Code Ann. § 38–77–590(c), (g).

Applying a rational basis analysis, the Court found that the legislative classification that had been created by the challenged South Carolina statute did not violate the Equal Protection Clause because it neither resulted in a constitutionally protected injury nor bore a reasonable and rational relationship to the goal of the State of South Carolina of preventing an over utilization of the South Carolina Reinsurance Facility. On May 15, 1997, this Court, in a written opinion, denied the claims of the Plaintiffs.

Thereafter, a judgment was entered in favor of the Defendant, Director of the Department of Insurance for the State of South Carolina (Director).

On May 21, 1997 and May 28, 1997, two of the insurance agents. who had maintained separate claims against the Director in this lawsuit, filed motions for reconsideration pursuant to Fed.R.Civ.P. 59.[1] In their requests for relief, Robert W. Mitchell and Ronald McDaniel complain that this Court rendered a decision which, in their individual opinions, was legally incorrect. Mitchell, who appeared during the trial in proper person and represents himself in the current motion. submits, in part, that his "case was based on statute and not conjecture, on voluminous documentary evidence, depositions and direct testimony." Mitchell's Motion at 1. Moreover, he asserts that his "claims were not refuted and the admitted actions and inactions of the insurance Director in the face of SC Code and Constitutional law which reserves against such action and inaction is stark proof of [his] case." *Id.*

McDaniel, the other movant before the Court. maintains that "all of the ... testimony [to which he made reference in his motion] supports [his] contention that he was wrongfully dispossessed of his private passenger automobile book of business by the Defendant's failure to act on his application for designated agent status." McDaniel's Memorandum at 2. In essence, Mitchell and McDaniel contend that the challenged order from this Court contains conclusions which, in their collective judgments, are not supported by the facts.

These two movants, in focusing on their respective business losses, appear to have misunderstood the reasoning of the Court in its decision of May 15, 1997. The Court does not take issue with the contention by Mitchell and McDaniel, both of whom argued that they had experienced financial inequities as a result of the implementation of S.C.Code Ann. § 38–77–590(c), (g) arguably, the legislative classification at issue may have produced an unintended inequality. Nevertheless, the Court concluded that their claimed injuries were not directly caused by the implementation of the South Carolina statute which they have challenged in the case at bar. The Court determined that this statute does not place any direct restriction upon an agent's ability to write automobile insurance. On the contrary, it mandates that insurance must be written for all qualified applicants.

Finally, in its assessment of the merit of the arguments by Mitchell and McDaniel, this Court believes that their arguments are substantively the same as those that were advanced by each of them prior to, and during, the trial on the merits. Thus, the Court concludes that, contrary to their respective arguments, neither of them have produced a sufficiency of evidence which would suggest that the State of South Carolina, or any of its official representatives, violated the constitutional rights of these two moving parties.

In summary, the Plaintiffs failed to establish that S.C.Code Ann. § 38–77–590(c), (g) violated the Equal Protection Clause. As noted by the Court in applying a rational basis analysis:

> As long as this statutory scheme bears a rational relationship to a permissible state objective, it withstands any attack on equal protection grounds. Certainly, it is permissible for a state to guarantee adequate insurance coverage for all drivers. It is also clear that the establishment of the [SCRY] and its cessation requirements, which are designed to discourage over utilization by any one insurer, bear a rational relationship to this legitimate state goal.

---

**1.** F.R.Civ.P. 59, which governs new trials and amendments of judgments, provides in pertinent part:

> (a) Grounds. A new trial may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States; and (1) in an action tried without a jury, for any of the reasons for which rehearings have heretofore been granted in suits in equity in the courts of the United States. On a motion for a new trial in an action tried without a jury, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new finds and conclusions, and direct the entry of a new judgment.

*See Prudential Property and Casualty Insurance Co. v. Insurance Commission of South Carolina,* 699 F.2d 690, 692 (4th Cir. 1983). Inasmuch as the implementation of the statute at issue is rationally related to a legitimate goal of the State of South Carolina and the arguments by these moving parties are legally insufficient, the motions for reconsideration that have been filed by Robert Mitchell and Ron J. McDaniel must be denied.

IT IS SO ORDERED.